## NEW AMSTERDAM CASUALTY COMPANY
### vs.
### PETER MROS

Superior Court          New London County          File #9931

Present: Hon. CARL FOSTER, Judge.

David R. Woodhouse,          Attorney for the Plaintiff.

Henry L. McGuire,          Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 16, 1937.

FOSTER, J.   The defendant in this case purchased from the plaintiff a policy of insurance insuring himself and other individuals against liability for damage to others in the operation of a certain automobile.   At the time that he purchased such insurance he was classified by the Commissioner of Motor Vehicles of this state in Class C under the Financial Responsibility Act.   Because of such classification he paid to the plaintiff a much larger premium than would otherwise have been necessary.   Thereafter while such policy of insurance was in effect the defendant operated his automobile while he was under the influence of intoxicating liquor and injured one Fannie Burwisht.   Fannie Burwisht instituted suit against this defendant, and the plaintiff herein as insurer of the defendant entered an appearance through its attorney to defend such action.   Before the case came to trial this plaintiff company and Fannie Burwisht with the knowledge of this defendant agreed upon terms of settlement in accordance with

which this plaintiff paid to her the sum of $3,750. This plaintiff demanded of the defendant herein that he repay to it such sum of $3,750., but he refused so to do. The plaintiff insurance company now claims to recover in this action from the defendant such sum of $3,750. paid by it to Fannie Burwisht.

By the terms of the instrument that is the basis of this action, it is a policy of insurance insuring the defendant and certain others against damages arising from injuries caused by them to third persons in the operation of a certain motor vehicle.

Certain parts of this instrument must be particularly considered, bearing in mind that the contract of insurance must be considered in its entirety in determining its construction. Parts of the contract are as follows:

"(8)   ANY COVERAGE provided by this Policy for liability for bodily injury or death or liability for property damage is hereby amended to conform with the provisions of the Motor Vehicle Financial Responsibility Law of the State or Province in which the disclosed automobile is registered at the time of the accident and/or in which the disclosed automobile is operated at the time of the accident during the Policy period, to the extent of coverage and limits of liability required by such law but not in excess of the limits of liability stated in this Policy. The Assured or any other person covered by this Policy agrees to reimburse the Company for any payments made by the Company on account of any accident, claim or suit involving a breach of the terms or conditions of this Policy, which payment the company would not have been obligated to make under the provisions of this Policy except for the agreement contained in the foregoing paragraph.

(9)   TO EXTEND the insurance provided by this Policy, so as to be available, in the same manner and under the same conditions as it is available to the named Assured, to any person or persons while riding in or legally operating any of the automobiles described in the Schedule, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named Assured, or, if the named Assured is an individual, with the permission of an adult member of the named Assured's

household other than a chauffeur or a domestic servant
. . . ."

"CLASS C, CONNECTICUT FINANCIAL RESPON-
SIBILITY ACT ENDORSEMENT

The Policy to which this Endorsement is attached is
amended to conform with the requirements of **Chapter
161, Laws of 1927** and **Chapter 300, Laws of 1929,** of the
State of Connecticut, as respects any liability for bodily
injury or death or liability for property damage covered
by the Policy, but only to the extent of the coverage and
the limits of liability required by said Chapters and only
with respect to the motor vehicles disclosed in the Policy.

It is understood and agreed by and between the Com-
pany and the Assured that the right of any person to re-
cover hereunder shall not be affected by any act or omis-
sion of the Assured or of any employee of the Assured
with regard to any condition or requirement of the Policy,
but all the terms and conditions of the Policy shall remain
in full force and be binding as between the Company and
the Assured; and the Company shall be reimbursed by
the Assured for any and all loss, costs, or expenses paid
or incurred by the Company which the Company would
not be obligated to pay under the provisions of the Policy
independently of said Chapters, or of this Endorsement.

Nothing herein contained shall waive, vary, alter or
extend any provision or condition of the Policy, other
than as above stated."

"No. BE 667023    ENDORSEMENT

It is hereby made a condition of this policy that same
shall not cover the legal liability of Peter Mros who is
the Assured stated under Item 1 of this Policy, but shall
cover only in accordance with Item #8 of General Pro-
visions.

Subject, however, to all the conditions, agreements and
limitations of the Policy, as originally written, except as
herein specifically provided."

The plaintiff claims to recover from the defendant by force
of that part of (8) which is as follows:

"The assured or any other person covered by this pol-
icy agrees to reimburse the company for any payment

made by the company on account of any accident, claim or suit involving a breach of the terms or conditions of this policy, which payment the company would not have been obligated to make under the provisions of this policy except for the agreement contained in the foregoing paragraph."

It claims that under the endorsement, BE 667023, it is not liable to protect the assured on account of his liability to Fannie Burwisht, because it is provided in such endorsement that the policy "shall not cover the legal liability of Peter Mros".

If this be so, it would appear that the plaintiff had issued to Peter Mros a policy of insurance and accepted a unusually large premium therefor and had incorporated in the policy a provision relieving it from the very responsibility and liability for which Peter Mros had paid the premium. In answer to this suggestion, the plaintiff refers to item (9) of the policy wherein it appears that others than the assured are protected by the policy. Item (9) of the policy cannot be of any force if the endorsement, BE 667023, is valid, because in item (9) we find it provides that the insurance is thereunder "available in the same manner and under the same conditions as it is available to the named assured".

The result is that the instrument, which purports to be a policy of insurance, is in reality a bond of indemnity.

It was the obvious intent of the plaintiff and the defendant that the former would issue to the latter a policy of insurance for which the defendant would pay to the plaintiff a large premium, owing to his being a Class C risk under the statute and the act of the Department of Motor Vehicles.

Any reasonable interpretation of the endorsement BE 667023, nullifies the intention of the parties, as determined from an examination of the whole contract, that the contract is one of insurance and not one of indemnity of third persons.

Any contract must be so construed as to give effect to the intent of the parties. A contract of insurance must be construed most strongly against the insurer, where there is ambiguity.

The terms of the endorsement, BE 667023, are void, since they contradict and nullify the intent of the parties to the contract.

Judgment is rendered in favor of the defendant.